John C. Ye, Esq. (SBN 160159)
Allan Dollison, Esq. (SBN 177299)
Aldie Mae M. Martinez, Esq. (SBN 322286)
LAW OFFICES OF JOHN C. YE, APLC
3030 W. 6th Street
Los Angeles, California 90020
Telephone: (213) 427-2826
Facsimile:  (213) 427-2825

Attorney for Plaintiff, CP, a minor by and through her
Guardian Ad Litem, Henry Paiz

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.P., a minor by and through her Guardian Ad Litem, Henry Paiz<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION<br><br>Defendants. | **CASE NO.: 5:22-cv-01858-JFW-(SPx)**<br>*[Assigned to the Hon. John F. Walter]*<br><br>**PETITION FOR ORDER APPROVING COMPROMISE OF THE CLAIM OF A MINOR; DECLARATION OF HENRY PAIZ AND JOHN C. YE, ESQ., IN SUPPORT THEREOF; [PROPOSED] ORDER**<br><br>Complaint: October 21, 2022<br>Trial Date: None Set |

**COMES NOW PETITIONER HENRY PAIZ** as guardian ad litem for Plaintiff C.P., a minor, and hereby applies to the Court for an order approving the settlement of the claim of Plaintiff C.P., a minor, and distribution of the settlement proceeds as delineated in the Petition for Order Approving Compromise of the Claim of C.P., a minor.

This petition will be based on this application and the attached declarations, the accompanying proposed order, the pleadings and papers on file herein and such other and further matters as the Court deems necessary or appropriate.

Dated: 09-08-2023

LAW OFFICES OF JOHN C. YE, APLC

By: _ammmartinez_
Aldie Mae M. Martinez, Esq.
John C. Ye, Esq.
Allan Dollison, Esq.
Attorneys for Plaintiff

## MEMORANDUM OF LAW

Local Rule 17-1.2 of the Central District of California Local Rules provides that "no claim in any action involving a minor or incompetent person shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree".

Petitioner HENRY PAIZ as Guardian Ad Litem for Plaintiff C.P., a minor, hereby submits the present petition and proposed order for the approval of the settlement obtained in the matter on behalf of his son Plaintiff C.P., a minor.

This claim arose out of a premises liability issue when a non-functional glass freezer door fell on Plaintiff C.P., after other patrons utilized door on its side, and the apparent vibration caused the non-functional door to fall forward toward the floor striking Plaintiff C.P., and pinning her on the ground. Plaintiff C.P.'s Guardian ad Litem and herein Petitioner, HENRY PAIZ, witnessed the scary incident. Plaintiff C.P., was screaming while she was pinned down on the floor. The heavy non-functional freezer door had apparently been rather crudely taped shut with ordinary mailing box tape, which Plaintiff C.P., asserts is wholly inadequate to protect customers like her from danger. The incident in question occurred at the COSTCO Store located at 14555 Valley Center Dr, Victorville, CA 92395 on September 8, 2019. Consequently, Plaintiff C.P. filed her action on August 15, 2022.

After extensive discovery, the parties participated in private mediation and ultimately resolved the claim last August on 25, 2023 for the Mediator's Proposal of $45,000.00.

Local Rule 17-1.2 of the Central District of California Local Rules provides that insofar as practical, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to Cal. Civ. Proc. Code §372 and California Rule of Court 3.1384." California Rules of Court §7.955 sets forth multiple factors that the Court may consider in determining

reasonable attorney's fees to satisfy an order for the Court to consider allocation of reasonable attorney's fees. Among those factors are the following:

(a) the nature and length of the professional relationship between the attorney and the representative of the minor;

(b) the experience, reputation and ability of the attorney or attorneys performing the legal services;

(c) the time and labor required; and

(d) the risk of loss borne by the attorney.

Federal courts act in conformity with California Code of Civil Procedure §372 and California Rule of Court 3.1384 with respect to petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person.  These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. Petitioner provides and discloses the required information in the accompanying Petition to Approve Compromise of Plaintiff C.P.'s Claim along with the declaration of counsel.

**GOOD CAUSE EXISTS FOR DISPENSING WITH AN APPEARANCE**

Good cause exists for dispensing with a hearing as it will expedite the deposit of the funds to a safe and secure court-blocked account for the Minor.  Further, Counsel for Defendant does not oppose this Petition and agrees that a hearing is not required.  However, should the court require a hearing, the Petitioner and his Counsel will appear.

Dated: 09-08-2023                    LAW OFFICES OF JOHN C. YE, APLC

By: ___*ammartinez*___
Aldie Mae M. Martinez, Esq.
John C. Ye, Esq.
Allan Dollison, Esq.
Attorneys for Plaintiff

# PETITION TO COMPROMISE A CLAIM OF A MINOR

COMES NOW PETITIONER HENRY PAIZ as guardian ad litem for Plaintiff C.P., and hereby submits the following Petition for Compromise of a disputed minor's claim on behalf of Plaintiff C.P.

## I.     INTRODUCTION

This claim arose out of a premises liability issue when a non-functional glass freezer door fell on Plaintiff C.P. after other patrons utilized door on its side, and the apparent vibration caused the non-functional door to fall forward toward the floor striking Plaintiff C.P. and pinning her on the ground. Plaintiff C.P.'s Guardian ad Litem and herein Petitioner, HENRY PAIZ, witnessed the scary incident. Plaintiff C.P., was screaming while she was pinned down on the floor. The heavy non-functional freezer door had apparently been rather crudely taped shut with ordinary mailing box tape, which Plaintiff C.P. asserts is wholly inadequate to protect customers like her from danger. The incident in question occurred at the COSTCO Store located at 14555 Valley Center Dr, Victorville, CA 92395 on September 8, 2019. Consequently, Plaintiff C.P. filed her action on August 15, 2022.

Plaintiff C.P., alleged that COSTCO was negligent in leaving a dangerous condition in its store and failed to take adequate steps to prevent said dangerous condition from causing harm to Plaintiff C.P.

After extensive discovery, the parties participated in private mediation and ultimately resolved the claim last August 25, 2023 for the Mediator's Proposal of $45,000.00. Counsel for Plaintiff C.P., has reduced his fees from 40% to 25% per the Retainer.

As documented herein, the net proceeds of the settlement for Plaintiff C.P. will be deposited into a court-blocked account with Wells Fargo Bank located at, 12527 Hesperia Rd, Victorville, CA 92395. Petitioner seeks this court's approval of the compromise of Plaintiff C.P.'s claim and presents the information that has bearing on the reasonableness of the compromise.

PETITION FOR ORDER APPROVING COMPROMISE OF THE CLAIM OF A MINOR; DECLARATIONS OF HENRY PAIZ AND JOHN C. YE, ESQ., IN SUPPORT THEREOF; [PROPOSED] ORDER

## II. SUBMISSION

Pursuant to Rule 7.950 of the California Rules of Court, Petitioner submits the following information in support of the present petition:

**1. Name, birthdate, age and gender of the minor**

Plaintiff C.P., a minor, is a female, 11 years of age, having been born on June 21, 2012.

**2. Nature of Claim**

The claim of the Plaintiff C.P., is the subject of a pending action that will be compromised without a trial on the merits of the claim as follows: United States District Court, Central District, Case No. 5:22-cv-01858-JFW-(SPx); trial date has been vacated.

**3. An account of the facts and circumstances from which the claim arose.**

This claim arose out of a premises liability issue when a non-functional glass freezer door fell on Plaintiff C.P. after other patrons utilized door on its side, and the apparent vibration caused the non-functional door to fall forward toward the floor striking Plaintiff C.P. and pinning her on the ground. Plaintiff C.P.'s Guardian ad Litem and herein Petitioner, HENRY PAIZ, witnessed the scary incident. Plaintiff C.P., was screaming while she was pinned down on the floor. The heavy non-functional freezer door had apparently been rather crudely taped shut with ordinary mailing box tape, which Plaintiff C.P. asserts is wholly inadequate to protect customers like her from danger. The incident in question occurred at the COSTCO Store located at 14555 Valley Center Dr, Victorville, CA 92395 on September 8, 2019. This claim arose out of a premises liability issue when a non-functional glass freezer door fell on Plaintiff C.P. after other patrons utilized door on its side, and the apparent vibration caused the non-functional door to fall forward toward the floor striking Plaintiff C.P. and pinning her on the ground. Plaintiff C.P.'s Guardian ad Litem and herein Petitioner, HENRY PAIZ, witnessed the scary incident. Plaintiff C.P., was screaming while she was pinned down on the floor. The heavy non-

functional freezer door had apparently been rather crudely taped shut with ordinary mailing box tape, which Plaintiff C.P. asserts is wholly inadequate to protect customers like her from danger. The incident in question occurred at the COSTCO Store located at 14555 Valley Center Dr, Victorville, CA 92395 on September 8, 2019.

**4. A description of the nature and extent of injury giving rise to the underlying claim.**

At the emergency room of St. Mary's Medical Center, Plaintiff C.P., was diagnosed with contusion. After a few days, Plaintiff C.P., went to her primary care doctor and was diagnosed with a bruise. Plaintiff C.P., also complained of having difficulty sleeping post-accident hence her visits to Dr. Stanley Goodman, a child psychiatrist. Dr. Goodman found that Plaintiff C.P., had symptoms of Post-Traumatic Stress Disorder and Major Depressive Disorder since the incident.

Plaintiff C.P., has fully recovered from the incident and has no permanent injuries.

**5. Medical reports containing diagnosis of and prognosis for the injury, and a report of the client's present condition.**

The medical reports pertaining to Plaintiff C.P.'s injuries were filed under seal as Attachment 1 to Docket #44 filed on July 28, 2023.

**6. Statement of medical charges, amounts paid, and negotiated reductions.**

The statement of medical charges, amounts paid, and negotiated reductions are attached herein as Attachment A.

**7. The amount of attorneys' fees requested and the basis for the fees, with an itemization of the costs sought to be allowed and charged against the settlement.**

The minor will be charged a combination of reasonable attorneys' fees of $11,250.00. As indicated in the Declaration of John C. Ye, Esq., filed concurrently herewith, these fees are reasonable and justified given the litigation conducted to

reach the settlement. Moreover, Plaintiff C.P.'s Counsel has reduced his attorney fees from 40% to 25%. The Retainer is attached herein as Attachment B.

The litigation costs will be paid out of the settlement proceeds to the Law Offices of John C. Ye, APLC. The total litigation costs amounted to $1,939.93 which consisted of filing fees, mediation fees, and other incidental litigation costs reasonably incurred in preparation for trial. The cost breakdown is attached herein as Attachment C.

There are also medical liens that need to be paid out of the settlement such as the Medi-Cal lien of $74.40 and Dr. Stanley Goodman's reduced lien of $8,000.00.

Deducting these attorneys' fees and costs and medical liens, Plaintiff C.P., will receive net settlement proceeds in the amount of $23,735.67.

Upon approval by the Court of the allocation of these net settlement proceeds of $23,735.67, Petitioner HENRY PAIZ requests the court order said funds to be deposited into a blocked account with Wells Fargo located at 12527 Hesperia Rd, Victorville, CA 92395. The bank information is attached herein as Attachment D.

**8. The gross and net amounts of the settlement.**

| | |
|---|---|
| Gross Settlement: | $45,000.00 |
| Attorneys' Fees: | - $11,250.00 |
| Litigation Costs: | - $1,939.93 |
| Medical Liens: | - $8,074.40 |
| Net Settlement to Minor: | $23,735.67 |

**9. A description of the manner in which the settlement proceeds will be distributed.**

$11,250.00 to be payable to Law Offices of John C. Ye, APLC for attorneys' fees;

$1,939.93 to be payable to Law Offices of John C. Ye, APLC for litigation costs;

$74.40 to be payable to Department of Healthcare Services;

$8,000.00 to be payable to Dr. Stanley Goodman; and

$23,735.67 to be payable to Petitioner and Guardian Ad Litem Henry Paiz for Plaintiff C.P., a minor (to be deposited into a court-blocked account).

**10. A full disclosure of all amounts, if any, paid or to be paid to other claimants.**

None. There are no other claimants in this matter.

**11. Statement as to whether the petitioner is a plaintiff in the same action with the minor, and if so, whether the pendency or disposition of the petitioner's claim on his or her own behalf has in any way affected the proposed compromise of the claim.**

No. Petitioner HENRY PAIZ is not a Plaintiff in the same action with the minor.

**12. Statement of whether the petitioner is a claimant against the recovery of the minor, and if so, whether the pendency or disposition of petitioner's claim on his or her own behalf has in any way affected the proposed compromise of the claim.**

No. Petitioner HENRY PAIZ is not a claimant against the recovery of the minor.

**13. Name and address of proposed depository, if settlement proceeds are to be deposited in an account subject to withdrawal only by order of court.**

Wells Fargo Bank located at 12527 Hesperia Rd, Victorville, CA 92395.

**14. Statement as to whether notice of the action or claim has been given under Welfare and Institutions Code Section 14124.73.**

Yes. Attached as Attachment E is Medi-Cal final demand letter.

**15. Statement re Special Needs Trust and satisfaction of liens under Probate Code section 3604.**

The petition does not request an order for payment of money to a special needs trust.

**16. Disclosure of attorney's interest in the present compromise.**

The Law Offices of John C. Ye, APLC represent the Plaintiff C.P., in the underlying action and in the present petition. The following information is provided as required by Rule 7.951 of the California Rules of Court:

(a) Name, Firm, Address and Bar Numbers of Attorneys:

>   John C. Ye, Esq.
>   Allan F. Dollison, Esq.
>   Aldie Mae M. Martinez, Esq. (SBN 322286)
>   LAW OFFICES OF JOHN C. YE, APLC
>   3030 W. 6th Street Los Angeles, California 90020

(b) The present attorneys did not become involved with the petition, directly or indirectly, at the instance of any party against whom the claim is asserted or of any party's insurance carrier.

(c) The present attorneys do not represent or are employed by any other party or any insurance carrier involved in the present matter.

(d) Upon the court's approval, the Law Offices of John C. Ye, APLC shall receive a combination of attorneys' fees and litigation costs in the amount of $13,189.93.

(e) Source of other fees, if none are to be collected in the action: None.

(f) Petitioner and attorney have a retainer agreement based on a contingency fee of 33.33% prior to litigation and 40% after the matter is filed with the court. This office is to recover reasonable attorneys fees for the minors at 25%. All costs are to be reimbursed to this office per the retainer agreement.

### III. PRAYER

Petitioner HENRY PAIZ, the minor's father and appointed Guardian Ad Litem, has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident or accident in which the claimant was injured; the

responsibility for the incident or accident; and the nature, extent, and seriousness of the claimant's injuries. Petitioner HENRY PAIZ fully understands that if the compromise herein proposed is approved by the court and is consummated, said minor will be forever barred and prevented from seeking any further recovery of compensation even though said minor's damages might in the future prove to be more serious than they are now thought to be.

Petitioner HENRY PAIZ recommends to the court that the compromise settlement and the proposed disposition of the proceeds of the settlement for the claimant as being fair, reasonable, and in the best interest of the present minor, his daughter, Plaintiff C.P., and requests that the court approve this compromise settlement or proposed disposition and make such other and further orders as may be just and reasonable. See, Declaration of HENRY PAIZ.

Dated: 09-08-2023                LAW OFFICES OF JOHN C. YE, APLC

By: __ammmartinez_____
Aldie Mae M. Martinez, Esq.
John C. Ye, Esq.
Allan Dollison, Esq.
Attorneys for Plaintiff

# PROOF OF SERVICE

I am over the age of 18 and not a party to the above-referenced action. My business address is 3030 West 6th Street, Los Angeles, California 90020.

On 9-15-2023, I served the foregoing document(s) described as –

**PETITION FOR ORDER APPROVING COMPROMISE OF THE CLAIM OF A MINOR; DECLARATION OF HENRY PAIZ AND JOHN C. YE, ESQ., IN SUPPORT THEREOF; [PROPOSED] ORDERS**

– on the interested parties in this action as follows:

John K. Flock, Esq.
Tharpe & Howell, LLP
15250 Ventura Boulevard
Ninth Floor
Sherman Oaks, CA 91403
E-mail: jflock@tharpe-howell.com,
cvandeudekom@tharpe-howell.com

Attorneys for Defendant,
COSTCO WHOLESALE CORPORATION

\_\_\_\_   **PERSONAL SERVICE:** I delivered the above-entitled document(s) to a courier with instructions to personally serve said document(s) on the above-listed individuals on or before:

\_\_\_\_   **U.S. MAIL:** I enclosed the above-listed document(s) in a sealed envelope addressed to the above-listed individuals and placed the envelope for collection and mailing, following ordinary business practice of the Law Offices of John C. Ye, APLC.; I am readily familiar with this business's practice for collecting and processing for mailing.

\_\_\_\_   **OVERNIGHT DELIVERY:** I enclosed the above-listed document(s) in an envelope or package provided by an overnight delivery carrier and addressed it to the person(s) at the above address(es). I placed the envelope or package for collection and overnight delivery at an area regularly utilized by said delivery carrier.

   **FACSIMILE:** I transmitted the document(s) listed above to the person(s) listed above at the facsimile number(s) listed above; the above-listed parties have agreed to accept service of the document(s) by facsimile and/or the above-listed document(s) are being sent by facsimile as a courtesy.

 _X_  **EMAIL:** I caused the document(s) listed above to be sent to the person(s) listed above via email, at the email address(es) listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 9-15-2023, at Los Angeles, California.

_____*ammmartinez*_____
ALDIE MAE M. MARTINEZ